Harry A. BENDIBURG, Individually and as Administrator of the Estate of Carl Bendiburg, Deceased, Plaintiff–Appellee,

v.

Pamela S. DEMPSEY, Sue Terry, and Nancy J. Pendergraft, Individually and as Officials of the Cobb County Department of Family and Children Services, Defendants–Appellants,

Cobb County Department of Family and Children Services; Sallie T. Walker, Individually and as an Official of Cobb County; Cobb County, Georgia; Nancy Harrison; Medical Personnel Pool of Atlanta, Inc.; Richard Cohen, M.D.; Klaus, Cohen & Weil, Drs., Orthopaedic Associates, P.C.; and Baheeg Shadeed, M.D., Defendants.

Harry A. BENDIBURG, Individually and as Administrator of the Estate of Carl Bendiburg, Deceased, Plaintiff–Appellee,

v.

Pamela S. DEMPSEY, Sue Terry, and Nancy J. Pendergraft, Individually and as Officials of the Cobb County Department of Family and Children Services, Defendants–Appellants,

Cobb County Dept., Department of Family and Children Services, Sally T. Walker, Individually and as an Official of Cobb County; Cobb County, Georgia; Nancy Harrison; Medical Personnel Pool of Atlanta, Inc.; Richard Cohen, M.D., Klaus, Cohen & Weil, Drs., Orthopaedic Associates, P.C.; Baheeg Shadeed, M.D., Adventist Health Systems Sunbelt, Inc., d/b/a Smyrna Hospital, Defendants.

Harry A. BENDIBURG, Individually and as Administrator of the Estate of Carl Bendiburg, Deceased, Plaintiff–Appellee,

v.

Pamela S. DEMPSEY, Sue Terry, and Nancy J. Pendergraft, Individually and as Officials of the Cobb County Department of Family and Children Services; Cobb County Department, Department of Family and Children Services; Sally

T. Walker, Individually and as an Official of Cobb County, Cobb County, Georgia; Nancy Harrison; Medical Personnel Pool of Atlanta, Inc., Defendants,

Richard Cohen, M.D.; Klaus, Cohen & Weil, Drs., Orthopaedic Associates, P.C.; Baheeg Shadeed, M.D., Defendants–Appellants,

Adventist Health Systems Sunbelt, Inc., d/b/a Smyrna Hospital, Defendant.

Harry A. BENDIBURG, Individually and as Administrator of the Estate of Carl Bendiburg, Deceased, Plaintiff–Appellee,

v.

Pamela S. DEMPSEY, Sue Terry, and Nancy J. Pendergraft, Individually and as Officials of the Cobb County Department of Family and Children Services; et al., Defendants–Appellants.

Harry A. BENDIBURG, Individually and as Administrator of the Estate of Carl Bendiburg, Deceased, Plaintiff–Appellant,

v.

Pamela S. DEMPSEY, Sue Terry, and Nancy J. Pendergraft, Individually and as Officials of the Cobb County Department of Family and Children Services, Cobb County Dept., Department of Family and Children Services, Nancy Harrison; Medical Personnel Pool of Atlanta, Inc.; Richard Cohen, M.D., Klaus, Cohen & Weil, Drs., Orthopaedic Associates, P.C.; and Baheeg Shadeed, M.D., Defendants–Appellees,

Sally T. Walker, etc., et al., Defendants.

Harry A. BENDIBURG, Individually and as Administrator of the Estate of Carl Bendiburg, Deceased, Plaintiff–Appellee,

v.

Pamela S. DEMPSEY, Sue Terry, and Nancy J. Pendergraft, Defendants–Appellants.

Nos. 89–8173, 89–8259, 89–8348, 89–8632, 89–8691 and 89–8742.

United States Court of Appeals, Eleventh Circuit.

Aug. 20, 1990.

Michael J. Bowers, Atty. Gen., William C. Joy, Sr. Asst. Atty. Gen., Bruce M. Edenfiled, Sp. Asst. Atty. Gen., Hicks, Maloof & Campbell, R. Jerry Kirkpatrick, Michael A. Pannier, Victoria H. Tobin, Hart & Sullivan, Atlanta, Ga., for defendants-appellants in Nos. 89–8173, 89–8259, 89–8632, 89–8742.

Harold D. Corlew, Walls & Corlew, Atlanta, Ga., for Bendiburg.

Henry D. Green, Jr., R. Jerry Kirkpatrick, Sullivan, Hall, Booth & Smith, Atlanta, Ga., for Shadeed.

Bruce M. Edenfield, Hicks, Maloof & Campbell, Atlanta, Ga., for Dempsey, Terry, Pendergraft in No. 89–8348.

Sidney F. Wheeler, Long, Weinberg, Ansley & Wheeler, Stephen H. Sparwath, Atlanta, Ga., for Cohen, Drs. Klaus, Cohen & Weil Orthopaedic Assoc. in No. 89–8348.

R. Jerry Kirkpatrick, Michael A. Pannier, Hart & Sullivan, P.C., Atlanta, Ga., for Shadeed in No. 89–8348.

Stephen H. Sparwath, Long Weinberg Ansley & Wheeler, Sidney F. Wheeler, Bruce M. Edenfield, Sp. Asst. Atty. Gen., Hicks, Maloof & Campbell, P.C., Alan F. Herman, Freeman & Hawkins, Timothy H. Bendin, Sullivan Hall Booth & Smith, Henry D. Green, Jr., Atlanta, Ga., for defendants-appellees in No. 89–8691.

Before CLARK, Circuit Judge, RONEY\*, Senior Circuit Judge, and ATKINS\*\*, Senior District Judge.

RONEY, Senior Circuit Judge:

These consolidated appeals from summary judgment orders raise complex legal issues but grow out of simple, tragic facts. Seeking money damages, Harry Bendiburg, an attorney, has sued various state employees and private doctors for their actions in connection with the medical treatment of his son, Carl, not for malpractice, but violation of due process rights and for battery.

Having sustained serious injuries in an automobile accident, which claimed his mother's life, 15–year–old Carl's medical treatment became a matter of controversy between the plaintiff father and the defendants. In order to give the treatment that the defendants thought necessary, a court order was obtained temporarily removing the custody of plaintiff's son, during which time the state custodian consented to the controversial treatment. After the medical procedure was performed and after custody was returned to the plaintiff, Carl died.

All defendants filed motions for summary judgment addressing the two-count complaint brought by Bendiburg, individually and as administrator of his son's estate, for civil rights violations under federal law and for battery under state law. The district court granted some motions, from which the plaintiff appeals, and denied some, from which defendants appeal. This left for trial: (1) a procedural due process claim against the state employees who obtained an *ex parte* court order for temporary custody and consented to the surgery, (2) the estate's substantive due process claim, and (3) the state battery claim against all defendants. The defendants have appealed the denial of summary judgment on these claims. The court dismissed all state employees and entities in their official capacities, and dismissed the due process claims against all private defendants. From these

\* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

orders the plaintiff appeals. We reverse the summary judgment for the defendant as to the treating nurses and physicians on the § 1983 due process claims. Otherwise, we affirm essentially on the basis of the carefully reasoned order of the district court reported as *Bendiburg v. Dempsey,* 707 F.Supp. 1318 (N.D.Ga.1989), and an unpublished order in N.D.Ga. Civil Action No. 1:87–CV–1774–JOF, dated June 30, 1989. We will not here repeat or amplify all the points of decision. The two Orders sufficiently report the facts so that a detailed recitation is not necessary here. The district court's discussion of the § 1983 due process claims, which we reverse, is found at 707 F.Supp. at pp. 1326–1330.

After several weeks of hospitalization following the automobile accident, Carl was discharged to home care. At that time a bone infection was being treated intravenously. The continual collapse of surface veins created difficulty for Carl's home care nurses as they attempted to administer prescribed antibiotics. This led to a decision by Carl's orthopaedic physician that antibiotics should be introduced into Carl's body by the insertion of a Hickman catheter. A Hickman catheter is inserted in the subclavian or jugular vein, and then threaded through a patient's upper venous system to the juncture of the superior vena cava and the right atrium of the heart.

Carl's father considered the use of a Hickman catheter too risky and repeatedly made his objections known to the surgeon, the attending physician, and the nurses who performed and supervised home care services. Bendiburg's unwillingness to consent to the catheter led to contact with the Cobb County Department of Family and Children Services (DFACS), a government organization charged with the welfare of children. The defendant employees of DFACS then presented an *ex parte* petition for temporary custody to the Juvenile Court of Cobb County, without notice to his father. Upon entry of an order transferring custody of Carl from plaintiff to DFACS, consent was given for the Hickman catheter procedure. Sixteen days later, Carl died, allegedly as a result of a massive pulmonary embolus caused by the Hickman catheter being inserted into his heart.

The defendants in this case are:

1. DFACS' employees in their individual capacities;[1]

2. The organization providing home nursing care to Carl, and its nurse employee;[2]

3. Carl's treating physicians;[3] and

4. The surgeon who performed the Hickman catheter procedure, Dr. Baheeg Shadeed.

The critical issue in this case involves the propriety of the giving of consent to the surgical procedure, without notice to the father. The district court properly recognized that under certain extraordinary circumstances, a parent's custodial rights may be temporarily terminated without notice, provided a meaningful post-deprivation remedy is made available.

The order transferring custody was filed at 2:11 p.m. on Wednesday, the 27th of November 1985. It provided for a December 2nd post-deprivation probable cause hearing. Immediately upon entry of the temporary custody order, however, Carl was taken by DFACS to the hospital by ambulance, and a surgical consent form was signed that afternoon at 4:25 p.m. Before 5:00 o'clock p.m., Bendiburg was telephonically notified of the temporary transfer of custody, of his son's admittance to the hospital, of the scheduled surgical procedure, and of the post-deprivation hearing to be held on December 2. There was no intention to have a hearing on the propriety of the surgical consent. The procedure

---

1. Pamela S. Dempsey, the caseworker, Sue B. Terry and Nancy J. Pendergraft, supervisors.

2. Medical Personnel Pool of Atlanta, Inc., a Georgia corporation, and its employee, home care nurse supervisor, Nancy J. Harrison.

3. Drs. Klaus, Cohen and Weil Orthopaedic Associates, P.C., a Georgia professional corporation, and a member of the P.C., Dr. Richard Cohen.

took place the next morning, and the following day Carl was taken to a foster home where he remained until December 2, 1985, when custody was restored to the father after the hearing.

The validity of the temporary custody order and the consent to surgery, both for constitutional and state law battery purposes, turns on whether such an emergency existed, or was thought to exist by the state employees, so as to make constitutional what would be unconstitutional in the absence of a medical emergency, and insulate the actors from a state law claim for battery on the basis of good faith and medical emergency. As we understand the district court's orders, this is the issue that was thought to be in dispute, and prevented the granting of summary judgment to all defendants on all issues. We sustain the district court's decision on this point.

■ To maintain a 42 U.S.C.A. § 1983 action, the conduct complained of must have been committed by a person acting under color of state law and must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Scott v. Dixon*, 720 F.2d 1542, 1545 (11th Cir.1983); *Brown v. Miller*, 631 F.2d 408, 410 (5th Cir.1980).

■ The district court correctly held that *the father has no substantive due process claim.* Substantive due process prohibits the government from engaging in certain activity regardless of the procedure used to implement that activity. Since the government may intervene in the family relationship when following proper procedures upon appropriate facts, Bendiburg has no constitutional right which can survive procedural due process. *See Cruzan v. Director, Missouri Department of Health*, — U.S. —, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990). Under the facts of this case, the district court held that circumvention of parental authority for a five-day period did not rise to a level sufficiently egregious or shocking to sustain a substantive due process claim with respect to severance of the parent-child relationship. The court likewise held that Carl's estate did not make out a claim in this regard.

As to the *procedural due process claim,* the district court properly held that the liability of the state employees turns on whether the notice and post-deprivation hearing were adequate under the circumstances, and denied summary judgment on this claim, but granted summary judgments to the treating physicians and home care nurses.

■ The private defendants can be held liable in a § 1983 action if they act in concert with the state officials in depriving a plaintiff of constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1987). *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). This Court recently set forth the requirements of a § 1983 conspiracy:

> The plaintiff attempting to prove such a conspiracy must show that the parties "reached an understanding" to deny the plaintiff his or her rights. *Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *Strength [v. Hubert ]*, 854 F.2d [421] at 425 [ (11th Cir.1988) ] (citations omitted). The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy. *Sadie v. Martin*, 468 So.2d 162, 167 (Ala.1985); *Strength*, 854 F.2d at 425.

*N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir.1990). In *Addickes*, 398 U.S. at 155–56, 90 S.Ct. at 1607 (1970), the Supreme Court concluded "that the acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors."

The district court held that the record does not reveal the conspiracy which plaintiff alleges or the kind of joint action necessary to support a claim of state action on the part of the private defendants. The court therefore granted summary judgment to each private defendant on the procedural and substantive due process claims.

■ Bendiburg correctly argues, in our judgment, that the district court wrongfully required him to produce a "smoking gun" when nothing more than an "understanding" and "willful participation" between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability.

■ If the private defendants intentionally exaggerated the emergency nature of Carl's medical problems, and indeed did this for the purpose of supplying the state officials with the necessary facts to obtain *ex parte* temporary custody on a court order with the implied approval for a consent to the surgical procedures, they have acted in concert with the state actors in such a way as to subject them to liability for a § 1983 cause of action, under the cases that have been decided since *Dennis v. Sparks.* See *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 n. 6, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1981) (acts of private party attributable to state when private party acts in concert with state actors); *Strength v. Hubert,* 854 F.2d 421 (11th Cir.1988) (conspiratorial acts must impinge upon federal right); *Dykes v. Hosemann,* 743 F.2d 1488, 1498 (11th Cir.1984), *vacated,* 776 F.2d 942 (11th Cir.1985), *reinstated,* 783 F.2d 1000 (11th Cir.), *cert. denied,* 479 U.S. 983, 107 S.Ct. 569, 93 L.Ed.2d 574 (1986) (plaintiff must demonstrate understanding reached to violate his rights).

The facts as they develop may well show that all of the representations as to required medical care were accurate, or reasonably thought to be accurate, and the private parties left it to the state actors to legally obtain the consent that they sought. This cannot be decided on summary judgment, however, as there are issues of fact concerning the emergency requirement of the recommended medical procedure. We, therefore, reverse the district court's order insofar as it granted summary judgment to these private defendants on the § 1983 due process claim.

Of course, this reversal does not apply to defendant Dr. Baheeg Shadeed, who was entitled to summary judgment on the § 1983 due process claim because he did not come on the scene until after the procedures for the consent were instituted.

As to the *state law battery claim,* the district court examined each defense asserted by the defendants and determined that issues concerning the immediacy of the medical situation prevented summary judgment as to all defendants. The district court found a question of fact with respect to the necessity of medical treatment, the basis for DFACS' authority to consent to the surgical procedure.

■ In the absence of consent, surgery constitutes battery. See *Taylor by and through Walker v. Ledbetter,* 818 F.2d 791 (11th Cir.1987). In the face of a life-threatening emergency, DFACS would have had an obligation to take some action. Tension between these two principles creates the issues of fact in this case. The court viewed the surgical procedure performed, if in the nature of a non-emergency, as falling within the realm of a retained parental right.

■ Although the surgeon, Dr. Baheeg Shadeed, makes a strong argument that he is immune from tort liability under O.C. G.A. § 31–9–6(c) because of his good faith reliance on the consent of the state agency, we cannot now fault the decision of the district court to deny summary judgment and wait for a full development of the facts to determine whether Dr. Shadeed, or the other defendants, met the good faith requirement of that statute.

■ On the claim of unconsented, non-emergency medical treatment, the district court denied summary judgment on both the *substantive and procedural due process claims asserted on behalf of Carl's estate.* This decision must be sustained as turning on the critical factual issues concerning the validity of the consent to the medical procedure, as well as the estate's procedural due process claim for severance of the familial bond between parent and child.

The decision on these motions for summary judgment should not be taken as delivering an opinion or prediction on the

eventual outcome of this case. The basic and complex legal issues will be more fully informed after the district court is able to view the evidence produced at trial, and after the court has made findings of fact or a properly instructed jury has resolved the critical factual issues.

▋ Underlying this lawsuit are important issues of state responsibility and individual rights. The state has an interest in protecting the health, safety, and welfare of children residing within its borders. Parental autonomy may be limited when parental decisions jeopardize the health or safety of a child, and the state can intercede on the child's behalf. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1980). *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). Georgia's establishment of DFACS is an attempt to ensure the welfare of its children. Responding further to society's compelling need to protect the health, safety, and welfare of the children within its borders, Georgia's enactment of O.C.G.A. § 15–11–17 empowers DFACS to act in a situation of medical neglect.

▋ The need for government officials to act in an emergency is an important public policy consideration. The doctrine of qualified immunity acts as a shield to protect state actors from civil liability unless the official is plainly incompetent, knowingly violates the law, *Malley v. Brigg*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), or by his conduct violates clearly established statutes or constitutional rights of which a reasonable person should have known. *Harlowe v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Mere negligence does not rise to the level of a Fourteenth Amendment violation, *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

▋ On the other hand, neither the state nor private actors, concerned for the medical needs of a child, can willfully disregard the right of parents to generally make decisions concerning the treatment to be given to their children. "[P]arents have the right to decide free from unjustified governmental interference in matters concerning the growth, development and upbringing of their children." *Arnold v. Board of Educ. of Escambia County, Ala.*, 880 F.2d 305, 313 (11th Cir.1989). The Due Process Clause prevents government from abusing its power, or employing its power as an instrument of oppression. *DeShaney v. Winnebago Soc. Serv.*, 489 U.S. 189, ——, 109 S.Ct. 998, 1003–04, 103 L.Ed.2d 249, 259 (1989).

▋ Bendiburg does not make a claim that Georgia's Juvenile Code is facially unconstitutional, but questions whether a post-deprivation hearing was constitutionally adequate in this case. Post-deprivation remedies do not provide due process if pre-deprivation remedies are practicable. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). A factual determination of whether or not the post-deprivation remedy for the temporary custody order and the consent to surgery was sufficient is the proper focus in this case.

▋ There is some argument that the failure of Bendiburg to act when notified at 5 p.m. the night before surgery amounted to a consent which defeats his claim. These facts can be fully developed at trial without the court being constrained by the limits of a summary judgment record.

AFFIRMED in part and REVERSED in part.