[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

No. 04-15603
Non-Argument Calendar

_____

D.C. Docket No. 04-00289-CV-3-RV-EMT

MICHAEL W. MCWILLIAMS,

Plaintiff-Appellant,

versus

ESCAMBIA CHARTER SCHOOL,
ESCAMBIA SCHOOL DISTRICT,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 15, 2005)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Michael W. McWilliams, proceeding pro se, appeals the district court's

sua sponte dismissal of his 42 U.S.C. § 1983 complaint for lack of subject-matter

jurisdiction. McWilliams initiated the present action against Escambia Charter School ("ECS"), his former employer; Escambia County School District ("School District"), identified as ECS's sponsor; AmStaff Human Resources, Inc. ("AmStaff"), identified as co-administrator of ECS and McWilliams's co-employer; Liberty Mutual Insurance Company ("Liberty Mutual"), ECS's insurance carrier; and Charles J. Crist, Jr. ("Crist"), Florida Attorney General. As a result of actions taken by the defendants allegedly resulting in the discontinuation of his worker's compensation benefits, the denial of his unemployment claim, and the dismissal of a lawsuit he filed in Florida state court, he asserted two general claims against ECS, the School District, AmStaff, and Liberty Mutual: (1) violation of his First Amendment and Fourteenth Amendment due process rights based on the defendants' participation in a conspiracy against him ("conspiracy-based claims"); and (2) violation of his Due Process rights as a result of the defendants' individual negligence ("negligence-based claims"). Additionally, McWilliams has raised conspiracy-based claims against Crist.

Liberally construing McWilliams's brief on appeal, he argues that the district court's conclusion that it lacked subject-matter jurisdiction was not based on the facts in his complaint, and that the court rendered its decision before directing him to file a memorandum of law or evidence to support his claims. He

contends that the court failed to make a proper factual inquiry in dismissing his complaint, instead finding that ECS, AmStaff, and Liberty Mutual were private parties. He asserts that because a grant from the State of Florida paid their salaries or "contracts to operate," ECS, Amstaff, and Liberty Mutual were acting under the color of state law. He argues that ECS asserted a defense of governmental immunity during the state civil proceedings, and Florida statutes provide that ECS is a public school. He maintains that he is not attempting to re-litigate the claims presented in his state action, but is relying on those facts to support his claim that the appellees violated his constitutional rights.

We review a district court's jurisdictional decision de novo. Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992). "Federal subject matter jurisdiction exists if a complaint states a claim arising under the Constitution, laws or treaties of the United States even though, on the merits, the plaintiff has no federal right." Bell v. Health-Mor, Inc., 549 F.2d 342, 344 (5th Cir. 1977). A district court can sua sponte raise a jurisdictional defect at any time. Barnett, 956 F.3d at 1039. "In determining whether the district court had subject matter jurisdiction, we respect the important distinction between the lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1351-1352 (11th Cir. 1998).

"[A] claim alleged to arise under federal law should not be dismissed for lack of subject matter jurisdiction if 'the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.'" Id. at 1352 (quoting Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed.939 (1946)). "[A] federal court may dismiss a federal question claim for lack of subject-matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." Id. (internal quotations omitted).

"In determining the substantiality of a federal claim . . . , [we] must determine whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction." Barnett, 956 F.2d at 1041 (internal quotations and ellipses omitted). "A federal claim will be deemed without any legal merit if the claim has no plausible foundation, or [if] the court concludes that a prior Supreme Court decision clearly forecloses the claim." Id. (internal quotations omitted) (brackets in original).

There are three different questions pertaining to the defendants in this suit. We address each in turn.

4

## A. Charles Crist

The claim against defendant Charles Crist was dismissed on the grounds that it was barred by Eleventh Amendment immunity. "[T]he eleventh amendment partakes of the nature of a jurisdictional bar." Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (internal quotations omitted). The Supreme Court has held that, absent a legitimate waiver by the State or abrogation by Congress, the Eleventh Amendment is an absolute bar to suit by an individual against a state in a federal court. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974). A suit against a state official in his official capacity constitutes a suit against the State itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). And, a court may raise an Eleventh Amendment issue on its own motion. McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1259 (11th Cir. 2001) (citing Whiting v. Jackson State University, 616 F.2d 116, 126 n. 8 (5th Cir.1980)). Thus, the district court did not err dismissing the claim against Charles Crist.

## B. ECS, AmStaff, Liberty Mutual

There are two claims against these parties, a claim of conspiracy and a claim of negligence. Because Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), clearly forecloses McWilliams's negligence-based

claims in this § 1983 action, the claims are wholly insubstantial and frivolous.  See Sanders, 138 F.3d at 1352.  As a result, the district court did not err in finding that it lacked subject-matter jurisdiction over those claims.

However, the district court erred in finding that it lacked subject-matter jurisdiction over McWilliams's conspiracy-based claims against ECS, AmStaff, and Liberty Mutual. The basis of the district court' s ruling was that these were private parties, and therefore were not subject to claims under § 1983.  However, private defendants can be held liable in a § 1983 action if they act in concert with the state officials depriving a plaintiff of constitutional rights.  Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980).  "[N]othing more than an 'understanding' and 'willful participation' between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability."  Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990).

The claims here have a plausible foundation in the complaint, as ECS, AmStaff, and Liberty Mutual may still be held liable under § 1983 as private parties.  Additionally, no prior Supreme Court case clearly forecloses his claim. As a result, his claims are not "so patently without merit" as to deprive the district

court of subject-matter jurisdiction. Thus, the district court erred in dismissing this claim.

### C. School District

Similarly, there is both a negligence and a conspiracy claim against the School District, which is a public party. Daniels, 474 U.S. at 328, 106 S.Ct. at 663, likewise bars the negligence claim against the School District, and the district court did not err in dismissing that claim. The court, however, did not address McWilliams's remaining conspiracy-based claims that the School District violated his First Amendment and Fourteenth Amendment due process rights. Because McWilliams is alleging a deprivation of his constitutional rights by the School District, which acts under the color of state law, his claims have a plausible foundation. His claims also are not clearly foreclosed by a prior Supreme Court decision and, therefore, are not "so patently without merit" so as to deprive the district court of jurisdiction. See Barnett, 956 F.2d at 1041. As a result, the district court erred in finding that it lacked subject-matter jurisdiction over McWilliams's conspiracy-based claims against the School District.

For the above stated reasons, we affirm the district court's finding that the claim against Crist was barred by the Eleventh Amendment, and that it lacked subject-matter jurisdiction over McWilliams's negligence-based claims against

ECS, AmStaff, Liberty Mutual and the School District. We, however, vacate and remand the district court's order dismissing Williams's conspiracy-based claims against ECS, AmStaff, Liberty Mutual, and the School District for lack of subject-matter jurisdiction.

We emphasize that all we have before us and are deciding at this time is whether these claims by McWilliams against the remaining defendants are so frivolous that they cannot support federal jurisdiction. We decide that they are not. We do not in any way decide whether the claims could survive a Rule 12(b)(6) motion to dismiss for failure to state a cause of action if such a motion is filed by the defendants. See Southpark Square Ltd. v. City of Jackson, 565 F.2d 338, 343 n.7 (5th Cir. 1977) (noting the well-established doctrine that a claim might be substantial enough to support federal jurisdiction yet not substantial enough to state a cause of action); see also Karnak Educ. Trust v. Bowen, 821 F.2d 1517, 1520 (11th Cir. 1987) (disagreeing with the district court's conclusion that it lacked subject matter jurisdiction, but affirming nonetheless because the plaintiff failed to state a cause of action); Wheeldin v. Wheeler, 373 U.S. 647, 649, 83 S. Ct. 1441, 1444 (1963).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**