[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2007
THOMAS K. KAHN
CLERK

No. 06-15181
Non-Argument Calendar

_____

D. C. Docket No. 04-00542-CV-WSD-1

JOSEPH C. SUN,

Plaintiff-Appellant,

versus

STEVEN GIRARDOT,
MARY GIRARDOT,
COSTA LANIER HOMEOWNERS ASSOCIATION,
MARK A. BAKER,
SEAN MCILHINNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 4, 2007)**

Before BIRCH, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Joseph C. Sun ("Sun"), proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Steven and Mary Girardot ("the Girardots"), Costa Lanier Homeowners Association ("CLHA"), and Sean McIlhinney ("McIlhinney") (collectively "Defendants").[1] Sun filed suit against Defendants under 42 U.S.C. § 1983 ("§ 1983") and the Racketeering Influence and Corrupt Organization Act, 18 U.S.C. § 1962, Ga. Code Ann. § 16-14-4 ("RICO").

On appeal, Sun first argues that the state court contempt order entered against him without his knowledge constitutes a recorded agreement between the Girardots, McIlhinney, and Judge John Ott ("Judge Ott") of the Superior Court of Newton County, thereby establishing a conspiracy between private citizens and a state actor to violate his due process rights. Second, Sun argues that Defendants engaged in a pattern of racketeering via the creation of CHLA in order to illegally obtain a parcel of land.

## I. Standard of Review

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion. *Patrick v. Floyd Med. Ctr.,* 201 F.3d 1313, 1315 (11th Cir. 2000). Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to

---

[1] We do not discuss defendant Mark A. Baker because the district court granted Baker's motion to dismiss and Sun did not appeal that order.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). If the plaintiff's evidence is merely colorable, or is not significantly probative, summary judgment may be granted in favor of the defendant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d. 202 (1986).

## II. Discussion

### A. Section 1983 Claim

Sun argues that Defendants conspired with Judge Ott to deprive him of his due process rights in violation of § 1983. It is well settled that § 1983, by itself, does not create any substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989). Therefore, to prevail in a § 1983 action, the plaintiff must show that he was deprived of a federal right by a person acting under the color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

A § 1983 action alleging a denial of procedural due process rights, requires proof of the following three elements: (1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-

inadequate process. *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (citation omitted). "[P]rivate defendants can be held liable in a § 1983 action if they act in concert with the state officials in depriving a plaintiff of constitutional rights." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). The plaintiff must present evidence that the defendants reached an understanding to violate his rights. *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). The plaintiff must plead in detail, "through reference to material facts," the nature of the relationship between the state actor and the private citizens. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

In this case, Sun has provided no evidence that Defendants were involved in a conspiracy or agreement with Judge Ott so as to convert their alleged conduct into state action subject to § 1983 liability. All three individual defendants explicitly denied having an out-of-court relationship, much less a conspiratorial relationship, with Judge Ott. Sun's response throughout the litigation was to allege simply that Defendants conspired with the judge, while relying solely on the contempt order as his evidence. He failed to plead in detail the nature of the alleged relationship or agreement between Defendants and Judge Ott. To survive summary judgment, Sun must offer more than allegations. This court has consistently held that conclusory allegations without specific supporting facts have

4

no probative value, and are legally insufficient to defeat summary judgment. *See*

*Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *Sammons v.*

*Taylor*, 967 F.2d 1533, 1544-45 & n.5 (11th Cir.1992). Rather than offering

evidence to support his conspiracy contention, most of Sun's pleadings merely

argue that Judge Ott's rulings were incorrect. Sun's allegations cannot overcome

Defendants' evidence that denied any conspiratorial relationship, and, thus, the

district court properly granted summary judgment on Sun's § 1983 claim.

## B.    RICO Claim

Next, Sun argues that Defendants engaged in a pattern of racketeering

activity by committing acts of fraud and perjury in a 1998 state civil suit, primarily

via the creation of a phony homeowners association designed to illegally obtain a

parcel of land. Sun argues that the district court's grant of summary judgment

should be reversed because the court based its decision solely on acts committed

by Defendants with respect to the contempt hearing. Sun argues that he should be

allowed to litigate all of the actions taken by Defendants, including activities in the

original state civil suit.

The federal RICO act states that "[i]t shall be unlawful for any person

employed by or associated with any enterprise engaged in, or the activities of

which affect, interstate or foreign commerce, to conduct or participate, directly or

5

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). The Georgia RICO statute is similar and is modeled after the federal act. *See* Ga. Code Ann. § 16-14-4(a). To succeed on a RICO claim, the plaintiff must show: (1) the existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that the defendant was employed by or associated with the enterprise; (4) the defendant participated, directly or indirectly, in the conduct of the enterprise's affairs; and (5) that the defendant participated through a pattern of racketeering activity. *United States v. Starret*, 55 F.3d 1525, 1541 (11th Cir. 1995). A pattern of racketeering activity requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5). Racketeering is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery," etc. *Id.* § 1961(1).

An enterprise includes any "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* § 1961(4). "[T]he definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicates crimes, that is, the pattern of racketeering activity requisite to the RICO violation." *United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275

6

(11th Cir. 2000).

On appeal, Sun does not focus on his substantive RICO claim as decided by the district court, but rather challenges an earlier district court order indicating that Sun did not have standing to allege RICO violations with respect to any conduct during the original state civil action, as he was not a party to that action. However, even if we consider a broader range of Defendants' conduct including the 1998 civil suit, Sun's argument does not go beyond mere accusations unsupported by evidence. Sun frequently challenges the validity of CLHA, arguing that it was set up solely to defraud him. However, he points to no evidence that an enterprise existed for the purposes of RICO, as CLHA was not a vehicle for any crime. In fact, Sun's own evidence indicates that CLHA was organized for a proper purpose and included other residents of the Costa Lanier subdivision. Much like his § 1983 claim, Sun only offers conclusory allegations with no evidence with respect to his RICO claim. Conclusory allegations with no evidence cannot defeat a motion for summary judgment. *See Leigh*, 212 F.3d at 1217. Accordingly, the district court properly granted Defendants' motion for summary judgment.

**AFFIRMED.**