[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17677
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02025-CEH-JSS

JOHN DAVID WILSON, JR.,
on behalf of Ozeda Wilson,

                                                    Plaintiff-Appellant,

versus

ANDREA MCFADDEN,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 2, 2017)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

John David Wilson, Jr., a prisoner proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 action and the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.  We affirm.

## I. BACKGROUND

Wilson, a disabled veteran, was convicted of two felonies in 2001.  In 2003, the Department of Veterans Affairs ("V.A.") granted apportionment of Wilson's benefits to his mother, Ozeda Wilson.  According to Wilson's complaint, his mother normally sent him money, but in 2008 all communication between Wilson and his mother abruptly stopped.  Family members told Wilson that his mother became unable to care for herself due to Alzheimer's disease and was in the care of Andrea McFadden, Wilson's niece, from 2008 until September 2012.  During the time Wilson's mother lived with McFadden, Wilson did not receive money from his mother.  Wilson became "very upset" when McFadden would not send him money and became suspicious that McFadden was misusing the benefits.  R. at 13.  Since September 2012, Ozeda Wilson has lived with Wilson's sister, Linda Provitt.

On July 14, 2016, Wilson, "on behalf of Ozeda Wilson," filed a 42 U.S.C. § 1983 action against McFadden and moved for leave to proceed *in forma pauperis*.  R. at 4.  Wilson alleged McFadden stole the V.A. benefits by making unauthorized withdrawals from Ozeda Wilson's bank account, in violation of § 1983.  Wilson alleged that McFadden's theft deprived Ozeda Wilson of her property and caused

Provitt devastating financial loss.  In his prayer for relief, Wilson requested Ozeda Wilson receive full restitution of the benefits stolen by McFadden, repayment of the stolen benefits by the V.A., and that McFadden be criminally prosecuted.

The district judge *sua sponte* dismissed Wilson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and denied all pending motions as moot.  The district judge dismissed the complaint because, as a non-attorney, Wilson could not represent Ozeda Wilson in this case.  Additionally, liberally construing the complaint as a request to proceed as a next friend pursuant to Federal Rule of Civil Procedure 17(c)(2), Wilson failed to establish next-friend status.  The judge also concluded the complaint failed to state a claim for relief against McFadden pursuant to § 1983, because Wilson failed to state how she acted under color of state law or with any authority possessed by virtue of employment with the state.

Wilson filed a "motion for rehearing," arguing the district judge had misapplied or overlooked points of law and fact in dismissing his § 1983 action. R. at 186. Liberally construing it as a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment, the judge denied Wilson's motion, because Wilson neither presented newly-discovered evidence nor demonstrated she had committed a manifest error of law or fact in dismissing his case.  Wilson timely appealed.[1]

---

[1] While, in his notice of appeal, Wilson states that the nature of the appealed final order is the denial of his "42 U.S.C. § 1983, that Andrea McFadden stole over $38,000 of Department of Veterans Affairs Benefits," his notice of appeal specifically identifies the denial of his Rule 59(e)

## II. DISCUSSION

### A. Dismissal of Wilson's § 1983 Claim

On appeal, Wilson argues the district judge erred in dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim against McFadden.  He also argues the judge erred in concluding he could not litigate on behalf of his mother as a "next friend" pursuant to Federal Rule of Civil Procedure 17(c)(2).  Section 1915(e)(2)(B) provides, for parties proceeding *in forma pauperis*, a judge shall dismiss any case that: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  We review de novo a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and view the allegations in the complaint as true.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Id.* Dismissal for failure to state a claim is appropriate if the facts as pled fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

---

motion by the date of that order.  R. at 213.  Accordingly, his notice of appeal is liberally construed to appeal both the district judge's dismissal of his claim and the denial of his Rule 59(e) motion.  *See KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006).

4

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. To prevail on a § 1983 claim "a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *accord* 42 U.S.C. § 1983. A person acts under color of state law when she acts with authority possessed from employment with the state. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

"[P]rivate defendants can be held liable in a § 1983 action if they act in concert with . . . state officials in depriving a plaintiff of constitutional rights." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). To prove a § 1983 conspiracy, a plaintiff must show the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy. *Bailey v. Bd. of Cnty. Cmm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992). An "understanding" and "willful participation" between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability. *Bendiburg*, 909 F.2d at 469.

While Wilson concedes that McFadden is a private individual, he argues that McFadden and the V.A. entered a conspiracy to deprive him of his veteran benefits. Wilson did not allege that McFadden was a state actor herself, that the

5

state was significantly involved in her conduct, or that she acted under color of state law in any way.  Wilson's complaint only identifies McFadden as his niece.  Even if Wilson had pled that the V.A. was a state actor, its alleged complacency represents neither reaching an understanding nor willful participation with McFadden to steal apportioned benefits.  *See id.*  "[T]he linchpin for conspiracy is agreement, which presupposes communication," and Wilson does not allege any communication between McFadden and the V.A.  *Bailey*, 956 F.2d at 1122.

Therefore, accepting all the allegations of Wilson's complaint as true, he has failed to state a claim for relief that is "plausible on its face."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  As a result, the district judge correctly dismissed the complaint under § 1915(e)(2)(B)(ii).  Because Wilson's complaint failed to state a claim against McFadden, we need not address whether the judge erred in concluding that Wilson could not represent Ozeda Wilson as "next friend."

**B. Denial of Wilson's Rule 59(e) Motion**

Also on appeal is the denial of Wilson's Federal Rule of Civil Procedure 59(e) motion.  We review the denial of a Rule 59(e) motion for abuse of discretion.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Mincey v. Head*, 206 F.3d 1106, 1135 (11th Cir. 2000).  The only grounds for granting a motion to alter or amend a judgment under Rule 59(e) are newly discovered evidence or manifest errors of law or fact.  *Arthur*, 500 F.3d at 1343.

While Wilson appealed the denial of his Rule 59(e) motion, his brief does not address it, nor does Wilson argue that he produced newly-discovered evidence or manifest errors of law or fact such that the district judge abused her discretion in denying the motion. Wilson therefore has abandoned any argument with respect to these claims. *See Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming issues not briefed on appeal as abandoned).

Furthermore, even if he had not abandoned this issue, the record reveals that the district judge's denial of the Rule 59(e) motion was not an abuse of discretion. In his motion, Wilson urged the district judge to reconsider, because he disagreed with the treatment of certain facts and legal conclusions. Wilson's arguments about his mother's mental state, her dependency on his benefits, and McFadden's conversion of the benefits involved issues that either had been presented to the district judge previously or that should have been submitted prior to the dismissal of his complaint. *See Mincey*, 206 F.3d at 1137 n.69. Although Wilson contended in his motion that he had identified manifest errors of law and fact in the district judge's initial order dismissing his claim, the motion clearly was another attempt to relitigate those issues, which is not a basis for Rule 59(e) relief. *Arthur*, 500 F.3d at 1343.

**AFFIRMED**.