[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11771
Non-Argument Calendar

_____

D. C. Docket No. 08-01819-CV-JHH-S

JERRY JAMES BIAS,

Plaintiff-Appellant,

versus

CHANTE BIAS CROSBY,
MIKE HALE,
DAVID BARBER,
JOE ROBERTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 24, 2009)

Before BLACK, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

Jerry James Bias, an Alabama state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983. In his complaint, Bias alleged that Chante Bias Crosby libeled and slandered him when she falsely accused him of rape and sexual assault, that Jefferson County Sheriff Mike Hale falsely imprisoned him, and that District Attorney David Barber and Deputy District Attorney Joe Roberts maliciously, and without probable cause, caused Bias to be arrested for crimes of which he later was acquitted. Although Bias filed a motion for summary judgment, it was denied by the district court as premature under 28 U.S.C. § 1915A. The district court subsequently dismissed Bias's complaint for failure to state a claim, pursuant to § 1915A(b), finding that Bias's claims were not actionable under § 1983 because Bias failed to allege facts showing that Crosby was a state actor, or that Hale, Barber, and Roberts were not entitled to immunity from his lawsuit.

On appeal, Bias argues that he was entitled to summary judgment because he set forth allegations stating that: (1) Crosby acted under color of state law when she committed libel and slander that led to his arrest; (2) he was imprisoned based on perjured testimony knowingly used by state authorities to obtain his conviction;

2

(3) those same state actors suppressed evidence favorable to his claims; and (4) the defendants conspired against him. After careful review, we affirm.

We review de novo a district court's decision to dismiss a complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1), taking the allegations in the complaint as true.[1] Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). Section 1915A of Title 28 of the U.S. Code, enacted as part of the Prison Litigation Reform Act, provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true,

---

[1]Although Bias states in his brief that he is challenging the district court's denial of his motion for summary judgment, his arguments apply to the district court's dismissal of his case for failure to state a claim upon which relief can be granted. Accordingly, we construe his arguments as a challenge to the court's dismissal, and review that dismissal. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007).

Section 1983 provides a civil cause of action for "a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

Notably, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (quotations omitted). A private party will be viewed as a state actor for § 1983 purposes only in rare circumstances, such as when the state has played an affirmative role by encouraging, conspiring, or acting in concert with the private actor in the particular conduct underlying the claimant's civil rights grievance. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001); Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990). A plaintiff attempting to prove such a conspiracy between private and state actors

must show that the parties reached an understanding to deny the plaintiff his or her rights. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002); Bendiburg, 909 F.2d at 468.

Although "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984). As a result, both qualified and absolute immunity defenses are available. Id. Prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995-96, 47 L.Ed.2d 128 (1976) (holding that a state prosecuting officer had absolute immunity under § 1983 when initiating a prosecution and when presenting a state's case); Rowe, 279 F.3d at 1279 (holding that immunity extends to all actions the prosecutor takes while performing his function as an advocate for the government).

This immunity includes, for example, when prosecutors: (1) appear in court and present evidence in support of a motion for a search warrant, Burns v. Reed, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942, 114 L.Ed.2d 547 (1991); (2) in the course of their role as advocates for the state, prepare for the initiation of judicial

5

proceedings or for trial, Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993); Imbler, 424 U.S. at 431, 96 S.Ct. at 995; (3) prepare and file charging documents, Kalina v. Fletcher, 522 U.S. 118, 129, 118 S.Ct. 502, 509, 139 L.Ed.2d 471 (1997); and (4) use false testimony and suppress exculpatory evidence at trial, Fullman v. Graddick, 739 F.2d 553, 559 (11th Cir. 1984). Prosecutors, however, are not entitled to absolute immunity when those aspects of their responsibilities cast them in the role of an administrator or investigative officer, rather than that of an advocate. Kalina, 522 U.S. at 126, 118 S.Ct. at 507-08. For example, prosecutors do not have absolute immunity when making statements to the press. Buckley, 509 U.S. at 276-78, 113 S.Ct. at 2617-18.

Similarly, law enforcement officers are entitled to absolute quasi-judicial immunity when they are acting in furtherance of their official duties and in reliance on valid written or verbal judicial orders. Roland v. Phillips, 19 F.3d 552, 557 (11th Cir. 1994) (noting that law enforcement officials are protected by absolute quasi-judicial immunity when following valid judicial orders). Generally, officials performing discretionary functions "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

6

constitutional rights of which a reasonable person would have known." <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988, 994-95 (11th Cir. 1995) (quotation omitted).

We conclude that the district court did not err in dismissing Bias's complaint for failure to state a claim. The complaint alleges that: (1) Crosby acted under the color of state law when she accused Bias of rape and sexual abuse, which caused the police to arrest and imprison Bias; (2) Hale arrested and imprisonment Bias without probable cause, pursuant to a warrant; (3) Barber and Roberts maliciously caused Bias to be arrested, fabricated evidence, and suppressed material evidence; and (4) Hale and Crosby conspired with Barber and Roberts in the above actions. These allegations, even taken as true, cannot provide a basis for relief under § 1983.

First, the complaint fails to allege any facts showing that Crosby, a private individual, was a state actor or acted in concert with state actors under color of law. <u>Rayburn</u>, 241 F.3d at 1348; <u>Griffin</u>, 261 F.3d at 1303. As to the claim that Crosby conspired with the other defendants, Bias failed to allege any facts that the parties reached an understanding to violate his rights, simply stating that the fact that he was acquitted of the crime showed that at least some of the defendants conspired against him. <u>Rowe</u>, 279 F.3d at 1283-84; <u>Bendiburg</u>, 909 F.2d at 468.

7

The complaint also fails to allege any facts indicating that Harris, Barber and Roberts are not entitled to immunity for the actions they took in their official capacities. As to Barber and Roberts, the district attorneys involved in Bias's criminal case, they are absolutely immune from liability for damages for activities intimately associated with the judicial phase of the criminal process. Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995-96. Bias claims that they maliciously caused him to be arrested, fabricated evidence that led to his imprisonment, suppressed material evidence, and conspired with Hale, but alleges nothing showing that either attorney acted outside of his role as an advocate. Kalina, 522 U.S. at 126, 118 S.Ct. at 507-08. As to the conspiracy allegation, the complaint alleges no facts supporting this claim. Bias also claimed in his objections to the magistrate's report that Barber and Roberts made statements to the press, but has alleged no facts in support of that claim. Buckley, 509 U.S. at 276-78, 113 S.Ct. at 2617-18.

Finally, because Bias acknowledges that Hale acted pursuant to a warrant, Hale has quasi-judicial immunity from suit based on Bias's arrest, as he was acting in furtherance of his official duties and in reliance on a valid judicial order. Roland, 19 F.3d at 557. Accordingly, we affirm.

**AFFIRMED.**