[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11227
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cv-00398-TJC-JRK

DERK L. ALLABEN,

Plaintiff-Appellant,

versus

ELIZABETH H. HOWANITZ,
FREDERICK R. BROCK,
KRISTINA MILLER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 26, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Derk Allaben, a state prisoner proceeding pro se, appeals following the

district court's dismissal of his 42 U.S.C. § 1983 suit against Elizabeth Howanitz,

Frederick Brock, and Kristina Miller (the "Defendants"), which alleged that they conspired with two state court judges to deny him his due process rights. On appeal, Allaben argues that: (1) that the district court erred in dismissing his complaint because it improperly considered matters outside of the pleadings, and he sufficiently alleged a conspiracy between the Defendants and the judges; and (2) his post-judgment motion for reconsideration did not attempt to relitigate matters previously before the court, and supported the allegations in his complaint and demonstrated error in the court's findings. After thorough review, we affirm.

We review de novo a grant of a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Generally, the scope of review on a motion to dismiss is limited to the four corners of the complaint. St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). We review a district court's denial of a motion for reconsideration abuse of discretion. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).

First, we are unpersuaded by Allaben's claim that the district court erred in dismissing his complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although the complaint does not need detailed factual allegations, it must provide

2

the grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In order to state a claim, the plaintiff must allege enough facts to make the claim "plausible on its face." Id. at 570. A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "In the case of a pro se action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, our "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

To state a claim under § 1983, the plaintiff must illustrate "that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties are generally not considered state actors for § 1983 purposes. Id. Private parties can be held liable under § 1983, however, if they act in concert with state officials in violating the plaintiff's constitutional

rights.  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990).  In order to succeed on a § 1983 claim for conspiracy, the plaintiff must show that the parties "reached an understanding" to deny the plaintiff his rights, the parties' actions must actually impinge on a federal right, and the plaintiff must prove an actionable wrong.  Id. (quotation omitted).  The plaintiff need not produce a "smoking gun," as nothing more than an "understanding" and "willful participation" between private and state actors is necessary to show a joint action that would subject a private party to § 1983 liability.  Id. at 469 (quotation omitted).

In Harvey, the plaintiff brought a § 1983 suit against four individual defendants and a private hospital based on their roles in her involuntary commitment for mental health treatment.  949 F.2d at 1129.  We concluded that the plaintiff's complaint failed to allege a § 1983 conspiracy against three of the individual defendants because it did not sufficiently allege that the private and purported state actors had "reached an understanding."  Id. at 1133.  We also held that the plaintiff's complaint failed to allege a § 1983 conspiracy between two of the individual defendants and a state court judge because the complaint did not sufficiently allege that the judge was aware of the conspiracy.  Id.

In this case, the district court did not err in dismissing Allaben's complaint. To begin with, the district court did not consider matters outside of the pleadings in dismissing the complaint.  Rather, the court determined that Allaben's allegations

were insufficient to demonstrate the judges' participation and knowledge of a conspiracy. The district court therefore was not required to follow summary judgment procedures.

Moreover, Allaben's allegations of conspiracy were insufficient. Although private individuals who conspire with state officials can be held liable under § 1983, Allaben's allegations regarding a conspiracy between the Defendants and the judges were conclusory and failed to demonstrate that they "reached an understanding" to deny Allaben his due process rights. Bendiburg, 909 F.2d at 468. Additionally, Allaben's allegations did not demonstrate "willful participation" between the Defendants and the judges, id. at 469, or that the judges were aware of a conspiracy, Harvey, 949 F.2d at 1133. Thus, Allaben's complaint failed to allege enough facts to make the claims "plausible on [their] face." Twombly, 550 U.S. at 570.

We also find no merit to Allaben's claim that the district court abused its discretion in rejecting his post-judgment motion for reconsideration. To toll the appeal period, a Fed.R.Civ.P. 59(e) motion must be filed within 28 days after the entry of judgment. Fed.R.App.P. 4(a)(4)(A)(iv); Fed.R.Civ.P. 59(e). A court may only grant a Rule 59 motion based on "newly discovered evidence or manifest errors of law or fact." Arthur, 500 F.3d at 1343. A Rule 59(e) motion cannot be

5

used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.  <u>Id</u>.

Here, the district court did not abuse its discretion in denying Allaben's Rule 59(e) motion for reconsideration.  Allaben's motion for reconsideration did not present newly-discovered evidence or manifest errors necessary for the grant of a Rule 59 motion for reconsideration.  <u>Id</u>.  Instead, his motion improperly attempted to relitigate old matters by rehashing arguments he had previously made.  <u>Id</u>. Accordingly, we affirm.

**AFFIRMED**.

6