[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12630
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00058-CDL

EMMETT WILLIAMS,

Plaintiff - Appellant,

versus

BROOKS TRUCKING COMPANY, INC. OF MEMPHIS,
CANAL INSURANCE COMPANY,
RICHARD A. MARCHETTI, ESQ,
Individually and as an Agent, Agency, and Employee of Brooks
Trucking Company of Memphis and Canal Insurance Company,
JUDGE WILLIAM C. RUMER,
Muscogee County Georgia Superior Court Judge, Individually and
as an Agent, Agency, and Employee of Muscogee County Georgia
Superior Court,
BROWN & ADAMS, LLC, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 13, 2018)

Before NEWSOM, FAY, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Emmett Williams, proceeding *pro se*, contends that each Defendant violated his constitutional rights, and his rights under Title VII of the Civil Rights Act of 1964, during the litigation of his personal injury action against Defendant Brooks Trucking Company, Inc.  The district court granted all of Defendants's motions to dismiss.  After careful review, we affirm.

## I.    BACKGROUND

### A.    Factual Background

On September 14, 2006, Plaintiff filed suit against Defendant Brooks Trucking in the Superior Court of Muscogee County, Georgia, seeking to recover for personal injuries allegedly sustained by him in an automobile accident occurring on September 17, 2004 ("*Williams I*").  On, February 3, 2011, Plaintiff voluntarily dismissed his personal injury action without prejudice.

On August 3, 2011, Plaintiff filed a renewal action against Brooks Trucking in the Superior Court of Muscogee County, Georgia ("*Williams II*").  Defendant Canal Insurance Company insured Brooks Trucking.  Canal Insurance provided

2

defense counsel Richard A. Marchetti of Brown & Adams, LLC, to represent Brooks Trucking in the matter.  On October 13, 2012, following trial, the jury reached a verdict in favor of Brooks Trucking.

On November 9, 2012, Plaintiff, represented by counsel, filed a motion for a new trial, asserting that the verdict was contrary to law and against the weight of the evidence.  On April 9, 2013, Plaintiff filed a *pro se* motion for an appeal in the renewed personal injury action, arguing that Brooks Trucking's counsel, Marchetti, had improper contact with jurors during the deliberation process.  Plaintiff asserted a violation of his "Constitutional Rights as to having a fair, just, equal and impartial trial."  Plaintiff's counsel filed an amended motion for new trial contending that the alleged improper contact with jurors justified a new trial.

On September 18, 2013, Honorable William Rumer, Judge of the Superior Court of Muscogee County, denied Plaintiff's motion for a new trial.  Plaintiff appealed to the Georgia Court of Appeals, but the Court of Appeals dismissed the appeal on October 30, 2014, because Plaintiff failed to pay filing fees.

On August 4, 2015, Plaintiff, proceeding *pro se,* filed suit in the Superior Court of Muscogee County against Defendant Brooks Trucking and its prior counsel, Marchetti ("*Williams III*").  Plaintiff alleged that Marchetti and Brooks Trucking violated his constitutional rights to a "Fair, Equal, Just, and Impartial Trial on October 13, 2012" by Marchetti allegedly contaminating the jury which

3

heard the *Williams II* case.  Defendant Mark Lefkow of Nall & Miller, LLP, represented Marchetti in *Williams III*.  Defendant Clayton M. Adams of Brown & Adams, LLC, represented Brooks Trucking in *Williams III*.  Plaintiff did not name Canal Insurance as a defendant in *Williams III* but, without leave of the court, attempted to add it as a defendant.  Canal Insurance retained John T. Sparks of Austin & Sparks, P.C., to represent it in *Williams III*.

On October 27, 2015, Judge Rumer dismissed Plaintiff's claims in *Williams III* on multiple grounds, including:  (1) that the two-year statute of limitations applicable to constitutional claims had expired; (2) that Marchetti was not properly characterized as a state actor for purposes of constitutional liability; and (3) that "[t]he undisputed evidence conclusively demonstrates that jury tampering did not occur."  On January 10, 2017, the Georgia Court of Appeals affirmed Judge Rumer's dismissal order in *Williams III*.  The Georgia Court of Appeals stated that Judge Rumer's dismissal order was "correct for many reasons" but focused on Plaintiff's failure to submit evidence that Marchetti improperly communicated with jurors during deliberations.

## B.    Procedural History

Plaintiff filed a complaint in the United States District Court for the Middle District of Georgia on March 10, 2017.  The complaint asserts that Defendants violated Plaintiff's constitutional due process and Thirteenth Amendment rights,

obstructed justice, and violated his rights under Title VII of the Civil Rights Act of 1964.  Plaintiff later claimed that Defendants also engaged in extortion, mail fraud, and racketeering.  Plaintiff grounds all his claims on his assertion that Marchetti contaminated the jury in *Williams II* and that, consequently, he should have been granted another jury trial.

Defendants moved to dismiss Plaintiff's claims.  On June 5, 2017, the district court granted all of Defendants's motions and entered judgment for Defendants.  The district court noted:

> It is unclear what conduct Williams believes violates Title VII's prohibition of employment discrimination or the Thirteenth Amendment's prohibition of slavery, and the Court finds both of these provisions inapplicable to the facts of this case.  Williams's claims of extortion and racketeering appear to be based on him paying a filing fee and other costs associated with the state court constitutional action [*Williams III*].  *See* Pl.'s Resp. 4, ECF No. 33.  Williams's claims for mail fraud appear to be based on Defendants serving Williams with documents throughout that litigation.  *See* Pl.'s Suppl. Resp. Ex. F, Mail Fraud, ECF No. 44.  None of this conduct violates the law.  The Court finds that Williams's claims are best characterized as 42 U.S.C. § 1983 claims for violations of the due process clause of the Fourteenth Amendment to the United States Constitution.

The district court found that the *Rooker-Feldman* doctrine precluded review of Plaintiff's claims against Judge Rumer and that Judge Rumer would be entitled to judicial immunity even if the *Rooker-Feldman* doctrine did not apply.  With respect to the remaining Defendants, the district court found that Plaintiff's claims are likely barred by res judicata since those claims were adjudicated in the

*Williams III* state court action, but noted that Defendants did not raise that defense. The court dismissed Plaintiff's claims against the private Defendants because Plaintiff failed to allege any connection between them and the state and, thus, failed to allege that they acted under color of law for purposes of 42 U.S.C. § 1983.

Plaintiff timely appealed.

## II.    DISCUSSION

### A.    Standard of Review

"Whether an official is entitled to absolute immunity is a question of law that we review *de novo*." *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017). We also review *de novo* dismissals for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). Finally, "[w]e review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (per curiam). "We are not, however, required to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint need only present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Renfroe v. Nationstar Mortg., LLC*,

822 F.3d 1241, 1243 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged."  *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678).

## B.     The District Court Properly Dismissed Plaintiff's Claims

We agree with the district court's determination that Plaintiff failed to allege facts to support his Title VII claim.  Title VII prohibits certain workplace discrimination.  42 U.S.C. § 2000e-2; *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010).  At the very least, one must allege an employment relationship to properly plead a Title VII claim.  *Id.*; *see Equal Employment Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1024 (11th Cir. 2016) ("[A] Title VII plaintiff must demonstrate that an employer intentionally discriminated against her on the basis of a protected characteristic.").  Plaintiff did not allege that any Defendant employed him and his Title VII claim fails for at least that reason.

We also agree with the district court's determination that Plaintiff failed to allege facts to support a Thirteenth Amendment claim.  The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for [a] crime . . . shall exist within the United States."  U.S. Const.

7

amend XIII, § 1.  Plaintiff did not allege any facts tending to establish that he was enslaved, subject to involuntary servitude, or otherwise subject to conduct that constitutes a "badge or incident of slavery."  *See Terry Properties, Inc. v. Standard Oil Co. (Ind.)*, 799 F.2d 1523, 1536 (11th Cir. 1986).

Moreover, Plaintiff does not have any valid constitutional claim against any of the Defendants.  As the district court correctly concluded, absolute immunity protects Judge Rumer from liability for damages for acts committed within his judicial jurisdiction.[1]  *Stevens*, 877 F.3d at 1301, citing *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985).  "The immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority . . . .'"  *Id.*, quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  Nor can Plaintiff's constitutional claims be sustained against the remaining Defendants who are all private persons or entities.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)

---

[1] We agree with the district court that the *Rooker-Feldman* doctrine also bars Plaintiff's efforts to overturn Judge Rumer's rulings.  We apply *Rooker-Feldman* to bar "claims asserted by parties who have lost in state court and then ask the district court, ultimately, to review and reject a state court's judgments."  *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018).  "To determine which claims invite rejection of a state court decision, we . . . consider whether a claim was either (1) one actually adjudicated by a state court or (2) one 'inextricably intertwined' with a state court judgment."  *Id.*, quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  A claim is "inextricably intertwined" if it asks to "effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues."  *Id.* (internal quotation marks and citation omitted).  Plaintiff's complaint makes clear that he seeks an impermissible review and rejection of the state court judgment, specifically requesting "a WRIT that will Strike Down, Throw Out, and Remove Judge Rumer's Unconstitutional and Discriminatory October 27, 2015, DISMISSAL and SUMMARY JUDGMENT ORDER . . ."

(Fourteenth Amendment "applies to acts of the states, not to acts of private persons or entities.").

Plaintiff also failed to allege facts sufficient to sustain claims of extortion, racketeering, and mail fraud he made during the course of litigation. We agree with the district court's assessment that "Williams's claims of extortion and racketeering appear to be based on him paying a filing fee and other costs associated with the state court constitutional action [*Williams III*]," and his claims for "mail fraud appear to be based on Defendants serving Williams with documents throughout the litigation." None of those actions constitute unlawful conduct on the part of any Defendant, much less extortion, racketeering, or mail fraud. *See* 18 U.S.C. § 1951 (defining extortion); 18 U.S.C. § 1341 (defining mail fraud); 18 U.S.C. § 1961 (defining racketeering activity).

Moreover, we cannot sustain Plaintiff's claims even if they are liberally construed as an alleged violation of 42 U.S.C. § 1983. "A successful section 1983 action requires that the plaintiff show [he] was deprived of a federal right by a person acting under color of state law." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1314 (11th Cir. 2017), quoting *Almand v. DeKalb Cty.*, 103 F.3d 1510, 1513 (11th Cir. 1997). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.*, quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The private Defendants in

9

this case were not acting under color of state law in defending against Plaintiff's personal injury action.

Nor is there a basis to suggest that any private party conspired with a state actor to deny Plaintiff his rights. "[P]rivate defendants can be held liable in a § 1983 action if they act in concert with . . . state officials in depriving a plaintiff of constitutional rights." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). "To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff must show the parties reached an understanding to deny the plaintiff his or her rights and prove an actionable wrong to support the conspiracy." *Bailey v. Bd. of Cnty. Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992), quoting *Bendiburg*, 909 F.2d at 468. An "understanding" and "willful participation" between private and state defendants is necessary to show the kind of joint action that will subject private parties to § 1983 liability. *Bendiburg*, 909 F.2d at 469. Section 1985 similarly requires a conspiracy to deprive Plaintiff of equal protection of the laws to establish a cause of action for obstruction of justice. 42 U.S.C. § 1985(2), (3); *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1147 (11th Cir. 1996). The private Defendants's defense of Plaintiff's personal injury action before Judge Rumer represents neither reaching an understanding nor willful participation with Judge Rumer in a conspiracy to subvert Plaintiff's rights.

Despite liberally construing Plaintiff's pleadings and subsequent filings, we see no viable cause of action.[2]

## III.    CONCLUSION

For the reasons explained above, we **AFFIRM** the decision of the district court.[3]

---

[2] Plaintiff's claim that "the District Court unconstitutionally Discriminated and Obstructed Justice against the Plaintiff Emmett L. Williams' Constitutional Rights on June 5th, 2017 when he unconstitutionally DENIED and DEPRIVED the Plaintiff Emmett L. Williams of his Rights to Hire Professional Legal Counsel or Attorneys" to protect his rights is baseless. Plaintiff brought this action *pro se* on March 10, 2017. He represented in late April 2017 that he would "be hiring brand new attorneys during the month of May 2017" while demanding a $2.5 million dollar settlement. Plaintiff later represented that he "has already made arrangements as to Constitutionally Hiring Attorneys during the month of May 2017." On May 1, 2017, Plaintiff reiterated that he would be hiring "Brand New Attorneys . . . in the month of May" and stated that Defendants faced a summer 2017 "trial seeking the Relief Amount of $180 million" if Defendants did not pay $2.5 Million by May 11, 2017. Despite his previous representations, on May 25, 2017, Plaintiff stated that he "has been working DILIGENTLY as to hiring NEW ATTORNEYS which will be DETERMINE [sic] in the month of June 2017." Under the circumstances, the district court did not err in ruling on Defendants' already briefed motions to dismiss before Plaintiff retained counsel. *Pro se* litigants are subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff did not move to stay the proceedings while he sought to retain counsel. To the contrary, he pushed for immediate settlement under threat of a quick trial. Even if we were to construe Plaintiff's representations regarding hiring of counsel as a motion for a stay and a request for supplemental briefing, the district court acted within its discretion to rule on the pending motions to dismiss. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991) (district court did not abuse its discretion in denying continuance and proceeding with trial after permitting counsel to withdraw where party engaged in pattern of dilatory tactics).

[3] In his reply brief, Plaintiff maintains that this Court's August 8, 2017, decision denying his "Motions . . . for an En Banc Session and Panel for Appeal Case Number 17-12630-E and for Summary Judgment for a Total of Five (5) Percent (%) of the $180 Million Relief that was Requested or $9 Million to be Granted to the Plaintiff/Appellant Emmett L. Williams" deprived him of his constitutional rights. We see no error in that decision. Among other things, Plaintiff's motion failed to comply with the requirements of a Petition for Hearing En Banc as specified in Federal Rule of Appellate Procedure 35. An en banc hearing "is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). Neither circumstance exists here.