[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12867

Non-Argument Calendar

_____

SAMUEL GHEE,

Plaintiff-Appellant,

*versus*

COMCAST CABLE COMMUNICATIONS, LLC,
ALBERT L. NORTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04561-ELR

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

After an altercation over a retail store's mask policy, Samuel Ghee sued Comcast in a Georgia state court. The state magistrate judge conducted a hearing and ruled in favor of Comcast. Ghee responded by suing Comcast and the magistrate judge in federal court, alleging a conspiracy to violate his Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983. The district court dismissed his claim under Federal Rule of Civil Procedure 12(b)(6). In this *pro se* appeal of the district court's grant of the motion to dismiss, Ghee argues that the district court erred because (1) he sufficiently alleged a conspiracy between the defendants and (2) the magistrate judge was not entitled to judicial immunity. But Ghee's complaint did not show plausible collusion between the defendants. And absolute immunity shielded the magistrate judge for his judicial acts. Accordingly, we affirm.

## I.

Ghee's federal complaint alleges that, as he attempted to return a product at a Comcast retail store, Comcast employees berated, assaulted, and threw him out of the store because he was wearing a non-compliant face covering. In May 2021, Ghee sued Comcast in a Georgia state court and provided the Gwinnett County Sheriff with four subpoenas to serve on Comcast. Those subpoenas sought (1) the names of other customers in the store

during the incident, (2) video surveillance footage, (3) the names and addresses of the employees involved, and (4) a copy of the store's video surveillance policy. Comcast never answered the sub-poenas; after a hearing, the magistrate judge entered judgment in favor of Comcast.

Ghee then sued Comcast and the magistrate judge, Albert Norton, in federal court under 42 U.S.C. § 1983. Ghee's complaint alleged that Comcast and Norton conspired to violate his Fifth and Fourteenth Amendment rights to due process and equal protection. Ghee demanded costs, pre- and post-judgment interest, attorney's fees, and $900,000 in compensatory damages.

Comcast and Norton each moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted both motions, concluding that (1) Ghee failed to allege a plausible conspiracy and (2) judicial immunity barred his suit against Norton. Ghee timely appealed.

## II.

We review a district court's grant of a Rule 12(b)(6) motion *de novo*, "accepting the allegations in the complaint as true and con-struing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

Whether a judicial officer is entitled to absolute judicial im-munity also receives *de novo* review. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).

### III.

On appeal, Ghee argues that the district court erred in dismissing his complaint for two reasons. First, he contends that he pleaded sufficient facts to establish a plausible a conspiracy between Ghee and Norton. Second, he posits that Norton, by willfully refusing to enforce state subpoena law, exceeded his authority and was not entitled to judicial immunity.

We start with the standard for evaluating a Rule 12(b)(6) motion and then address Ghee's two arguments in turn.

### A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the facial sufficiency of" a complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). "[A] formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must "state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added). Though we must accept as true any factual allegation within a complaint, we are not so bound with legal conclusions masked in a veneer of facts. *Id.* at 555. In short, a complaint need not include "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). But surviving a Rule

12(b)(6) motion requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

We hold *pro se* complaints "to a less stringent standard than pleadings drafted by attorneys" and construe them liberally. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Still, we cannot rewrite a deficient complaint or "serve as *de facto* counsel for a party." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### B.

Ghee contends that, because he pleaded sufficient facts to show a plausible conspiracy by Comcast and Norton to deprive him of constitutional rights, the district court erred in dismissing his claims against Comcast. We disagree.

Section 1983 prohibits conspiring to violate another's constitutional rights. *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). A prima facie section 1983 conspiracy case requires (1) a violation of a constitutional right, (2) an agreement to deprive the plaintiff of a constitutional right, and (3) "an actionable wrong to support the conspiracy." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)). Thus, to state a plausible conspiracy claim under section 1983, a plaintiff must allege facts suggesting that the defendants "reached an understanding to deny" a constitutional right. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Though circumstantial evidence can help prove a section 1983 conspiracy, *Grider*, 618 F.3d at 1260, the complaint must "make particularized allegations that a conspiracy existed," *GJR Invs.*, 132 F.3d at 1370. Vague and conclusory allegations will not survive a motion to dismiss. *See Fullman v. Graddick*, 739 F.3d 553, 556–57 (11th Cir. 1984).

Ghee's complaint lacks any particularized factual allegations of a conspiracy to violate his constitutional rights. Instead, it suggests that Norton could not adjudicate Ghee's case impartially because Comcast's counsel and Norton both belong to the State Bar of Georgia. Thus, so the argument goes, there must be a relationship between them, which caused Norton to rule in Comcast's favor. Ghee also asserts that Norton and Comcast's counsel may interact privately in light of their shared bar membership.

Though circumstantial evidence can support a section 1983 conspiracy inference, Ghee does not allege that Norton and Comcast ever "reached an agreement" to deprive him of a constitutional right. *Grider*, 618 F.3d at 1260. His allegations hinge on the *assumption* that attorneys who are members of the same state bar mingle privately and collude against certain litigants. But absent *specific* facts, we cannot infer a conspiracy from mandatory bar membership. Ghee's complaint needs more to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, the district court properly granted Comcast's motion to dismiss.

*C.*

Turning to Ghee's argument that Norton is not entitled to judicial immunity, we again disagree.

Judges enjoy absolute immunity from damages when performing in a judicial capacity "unless they act in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (2000)). Absolute judicial immunity applies to acts that are erroneous, "malicious, or . . . in excess" of a judge's jurisdiction. *Id.* To determine whether a judge acted in a judicial capacity, we consider whether: (1) the act complained of was "a normal judicial function"; (2) the events happened in open court or in the judge's chambers; (3) the controversy stemmed from a case pending before the judge; and (4) "the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Ghee alleges that Norton glossed over Comcast's failure to respond to subpoenas and improperly entered judgment in its favor. But ruling on motions and delivering judgments fall squarely within the scope of judicial conduct. *See, e.g.*, O.C.G.A. § 15-6-21 (stating that judges have a duty to decide all motions "of any nature" in a timely fashion); Ga. Const. art. VI, § 1 (establishing judicial authority in state courts). And judges are not liable for erroneous decisions. *Bolin*, 225 F.3d at 1239. Ghee's own allegations confirm that Norton was exercising "a normal judicial function" in

open court when he decided Ghee's case, which was pending before him. *See Sibley*, 437 F.3d at 1070.

Ghee's complaint also alleges that Norton's demeanor changed when Ghee inquired about the basis for his ruling. According to Ghee, this behavior corroborated Norton's nefarious motives. Even accepting these allegations as true, Ghee's suit still cannot proceed because absolute judicial immunity shields judges for malicious acts. *Bolin*, 225 F.3d at 1239. At most, Ghee's complaint alleges that Norton exceeded his authority and acted maliciously, conduct protected by absolute judicial immunity. Because Ghee does not point to an act that was in the "clear absence of all jurisdiction," Norton is entitled to absolute judicial immunity. *See id.* (quoting *Stump*, 435 U.S. at 356–57). Ghee failed to state a claim against him, and the district court correctly granted Norton's Rule 12(b)(6) motion.

## IV.

The district court is **AFFIRMED**.